**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6464 W. Sunset Blvd., Ste. 960
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

**WESTGATE LAW**
Matthew A. Rosenthal (SBN 279334)
16444 Paramount Blvd., Ste. 205
Paramount, CA 92703
T: (818) 200-1497
F: (818) 869-2208
Matt@westgatelaw.com

Attorneys for Plaintiff,
COLLEEN MILLER

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **COLLEEN MILLER, Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**ATLANTIC RECOVERY SOLUTIONS, LLC,**<br><br>**Defendant(s).** | Case No.:<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]**<br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]** |

- 1 -

Plaintiff, COLLEEN MILLER ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.     Plaintiff brings this action for herself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of ATLANTIC RECOVERY SOLUTIONS, LLC, ("Defendant" or "Atlantic"), in negligently, knowingly, and/or willfully communicating with Plaintiff and failing to provide Plaintiff with meaningful disclosure of Defendant's identity or the nature or purpose of Defendant's calls and/or advising that Defendant is a debt collector in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. § 1788 *et seq.* ("RFDCPA").

## JURISDICTION & VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).   The Court has supplemental jurisdiction over Plaintiff's and the putative class' state law claims pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in the United States District Court for the Central District of California because Defendant does business within the state of California and Plaintiff resides in Los Angeles County and within this judicial district.

## PARTIES

5.     Plaintiff, COLLEEN MILLER ("Plaintiff"), is a natural person residing in Long Beach, California and is a "consumer" as defined by the FDCPA, *15 U.S.C. §1692a(3)* and is a "debtor," under the RFDCPA, *Cal. Civ. 1788.*2(h).

6.     At all relevant times herein, Defendant, ATLANTIC RECOVERY SOLUTIONS, LLC ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as

CLASS ACTION COMPLAINT FOR DAMAGES

a "debt," as defined by *15 U.S.C. §1692a(5)* and the RFDCPA, *Cal. Civ. 1788.2(c)*. Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, *15 U.S.C. §1692a(6)* and under the RFDCPA*, Cal. Civ. 1788.2(d) and 1788.2(e)*.

## **FACTUAL ALLEGATIONS**

7.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

8.     Defendant, in its attempt to collect the alleged debt owed by Plaintiff, placed telephone calls to Plaintiff's telephone number ending in 5279.

9.     The alleged debt is a "debt" as defined by the FDCPA as it stems from Plaintiff's personal credit debt incurred for personal, family and/or household use/purposes.

10.     Throughout the course of 2019, Defendant called Plaintiff's telephone number in an attempt to collect the alleged debt.  On April 5, 2019 and April 19, 2019, Defendant left voicemail messages on Plaintiff's telephone in connection with the collection of the alleged debt owed.

11.     The April 5, 2019 voice message left on Plaintiff's telephone, stated as follows:

> This important message is for Ms. Colleen.  My name is Ms. Jackson I'm calling from the legal department of Atlantic Recovery Solutions.  Please take a moment and return the call to me today regarding this very important business matter.  In fact, Ms. Colleen Miller, I can speak to you or your attorney at this point.  Again, my name is Ms. Jackson, I'm trying to get in touch with Colleen Ann Miller.  Regarding a legal matter that's here in my office.

CLASS ACTION COMPLAINT FOR DAMAGES

My direct number, 716-256-1926, the file number is 1497629. I am going to be in the office tonight until about six o'clock eastern standard time. Please take a moment to return the call to me today, so that we can further discuss the matter. Again, I can speak with you or your attorney at this point. They are, they being my client which is DNF & Associates, is requesting that we make a recommendation on this file. Keep in mind Ms. Miller that your matter is not limited to going out to Los Angeles County at this point. My number here, 716-256-1926, the file number is 1497629. Thank you and you have a good day. [1]

12.     The April 19, 2019 voice message left on Plaintiff's telephone, stated as follows:

Yes, this important message is for Ms. Colleen Miller. My name is Ms. Jackson I'm calling from the offices of Atlantic Recovery Solutions. Please take a moment and return the call to me today in regards to this very important business matter. We have left you several messages in regards to this situation but you failed to respond to the calls. Going forward they will be pursuing this matter legally if we do not hear back from you. Again, my name is Ms. Jackson, and my client that

---

[1] Plaintiff is in possession of true and correct copies of Defendant's messages and can provide a copy of said messages via Compact Disc ("CD") or other device to this Honorable Court upon request.

CLASS ACTION COMPLAINT FOR DAMAGES

I represent is DFW & Associates.  My number is716-
256-1926 and the file number is 1497629.  Thank you.

13.    Defendant's voice messages do not inform Plaintiff that Defendant is a collection agency or that Defendant is collecting a debt.

14.    The voice messages left by Defendant are scripted messages that Defendant either prepared itself or reviewed and approved to have its agents/employees use when to leaving voice messages for all class members.  It is Defendant's internal policy and procedure to leave these scripted and pre-approved messages each and every time one of Defendant leaves a voicemail message on a consumer's telephone relating to the collection of a debt.

15.    Defendant's voice messages do not alert Plaintiff as to the purpose or reason for the Defendant's telephone calls.  Defendant's voice messages do not advise Plaintiff in any fashion as to the reason for Defendant's call whatsoever other than to falsely threaten Plaintiff or her "attorney" with a "legal" matter where Defendant's "Client" is about to send this "file" out to Los Angeles County. Nothing about Defendant's representations are true, Defendant is not a law firm, Defendant does not staff any attorneys, nor does Defendant or its "client" have any intention or ability for the matter to "go out to Los Angeles County."

## CLASS ALLEGATIONS

16.    Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

All California residents who received any collection telephone call from Defendant which resulted in Defendant leaving a voice message that is identical or substantially similar to that Plaintiff received from Defendant, which failed to inform said person that

CLASS ACTION COMPLAINT FOR DAMAGES

Defendant is a debt collector for the nature or purpose of
the call was related to the collection of a debt, within the
one year prior to the filing of this Complaint

17.    Plaintiff represents, and is a member of, The Class, consisting of All
California residents who received any collection telephone call from Defendant
which resulted in Defendant leaving a voice message that is identical or
substantially similar to that Plaintiff received from Defendant, which failed to
inform said person that Defendant is a debt collector for the nature or purpose of
the call was related to the collection of a debt, within the one year prior to the filing
of this Complaint

18.    Defendant, its employees and agents are excluded from The Class.
Plaintiff does not know the number of members in The Class, but believes the Class
members number in the hundreds, if not more.  Thus, this matter should be certified
as a Class Action to assist in the expeditious litigation of the matter.

19.    The Class is so numerous that the individual joinder of all of its
members is impractical.  While the exact number and identities of The Class
members are unknown to Plaintiff at this time and can only be ascertained through
appropriate discovery, Plaintiff is informed and believes and thereon alleges that
The Class includes hundreds of members.  Plaintiff alleges that The Class members
may be ascertained by the records maintained by Defendant.

20.    Common questions of fact and law exist as to all members of the Class
which predominate over any questions affecting only individual members of the
Class.  These common legal and factual questions, which do not vary between Class
members, and which may be determined without reference to the individual
circumstances of any Class members, include, but are not limited to, the following:

a.    Whether Defendant has communicated with consumers in
connection with the collection of an alleged debt wherein Defendant fails to inform

said consumers of the nature or purpose for Defendant's calls (i.e., that the calls is made in an effort to collect a debt), or that Defendant is a debt collector;

       b.    Whether Defendant has communicated with consumers in connection with the collection of an alleged debt wherein Defendant falsely informs said consumers that the alleged debt is a "legal" matter being handled by Defendant's "Legal Department";

       c.    The nature and extent of damages and other remedies to which the conduct of Defendant entitles the Class members.

21.    As a person that received collection calls from Defendant wherein Defendant fails to inform her of the nature or purpose for Defendant's calls, that Defendant is a debt collector, and that Plaintiff's alleged debt was a "legal" matter being handled by Defendant's "Legal Department," Plaintiff is asserting claims that are typical of The Class.

22.    Plaintiff will fairly and adequately protect the interests of the members of The Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

23.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

24.    The prosecution of separate actions by individual Class members

would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

25.    Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

26.    As a result of Defendant's alleged violations of law by leaving these voice messages on Plaintiff's telephone without the requisite disclosures as mandated by the FDCPA, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

a. Invading Plaintiff's and the putative class' right to specific information mandated by the FDCPA to be provided by Defendant in each collection communication, including the purpose for Defendant's collection calls, and that  Defendant is a collection agency;

b. Engaging in the unfair business practice of intentionally, falsely and deceptively depriving Plaintiff and the putative class of their right to specific information mandated by the FDCPA to be provided by Defendant in each collection communication, including the purpose for Defendant's collection calls, and that Defendant is a collection agency;

c. Impermissibly causing Plaintiff and the putative class confusion and/or lack of knowledge and information such as the purpose of Defendant's call, and that Defendant is a collection agency.

d. Causing Plaintiff and the putative class to expend needless time in receiving, researching and attempting to identify on their own the purpose for Defendant's calls and that Defendant is a collection

agency.

## COUNT I: VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

(By Plaintiff and the Class Against All Defendants)

27.    Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

28.    Based upon the foregoing, Defendant's conduct violated the FDCPA as follows:

a) Placing telephone calls without providing meaningful disclosure of the caller's identity (§1692d(6));

b) Failing to advise a consumer in all communications that Defendant is a debt collector (§ 1692e(11)); and

c) Placing telephone calls which falsely or deceptively convey a threat to take any action that cannot legally be taken or that is not intended to be taken (§ 1692e(5)); and

d) Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer (§ 1692e(10)).

29.    Plaintiff alleges that to the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

30.    As a direct and proximate result of Defendant's violations of the FDCPA, *15 U.S.C. § 1692 et seq.*, Plaintiff and the members of the Class have suffered injury, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to *15 U.S.C. § 1692k.*

31.    The violations of the FDCPA, *15 U.S.C. § 1692 et seq.,* described herein present a continuing threat to members of the Class and members of the

CLASS ACTION COMPLAINT FOR DAMAGES

general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## COUNT II: VIOLATIONS OF THE
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

(By Plaintiff and the Class Against All Defendants)

32.   Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

33.   Based upon the foregoing, Defendant's conduct violated the RFDCPA as follows:

    a) Placing telephone calls without providing meaningful disclosure of the caller's identity (§1788.12(b)); and

    b) Failing to comply with the provisions of Sections 1692b to 1692j, inclusive, of, Title 15 of the United States Code (§1788.17).

34.   Plaintiff alleges that to the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

35.   As a direct and proximate result of Defendant's violations of the RFDCPA, *Cal. Civ. §1788  et seq.*, Plaintiff and the members of the Class have suffered injury, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to *Cal. Civ. § 1788.30.*

36.   The violations of the RFDCPA, *Cal. Civ. § 1788.30 et seq.,* described herein present a continuing threat to members of the Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

CLASS ACTION COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants, and each of them:

1. That this action be certified as a class action on behalf of The Class, that Plaintiff be appointed as the representative of The Class, and that Plaintiff's counsel be appointed as Class Counsel;

2. For statutory damages of $500,00.00 or 1% of Defendant's net worth, whichever is the lesser, pursuant to *15 U.S.C. § 1692k*;

3. For statutory damages of $500,00.00 or 1% of Defendant's net worth, whichever is the lesser, pursuant to *Cal. Civ. § 1788.30;*

4. For reasonable attorneys' fees and costs of suit; and

5. For such further relief as this Court deems necessary, just, and proper.

RESPECTFULLY SUBMITTED,

Dated: May 7, 2019                    **MARTIN & BONTRAGER, APC**

By: /s/ Nicholas J. Bontrager
Nicholas J. Bontrager
*Attorney for Plaintiff*

CLASS ACTION COMPLAINT FOR DAMAGES